STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HERBERT W. STATEN,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1401** (BOR Appeal No. 2047268)
                 (Claim No. 850041785)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MAR-MAC COAL COMPANY, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Herbert W. Staten, by John H. Skaggs, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2012, in which the Board affirmed a May 14, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 22, 2011, decision denying Mr. Staten's request for medications and ordering a ninety day wean and taper plan for Lortab, ProSom, Dipotassium, and Clorazepate. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Staten worked as a coal miner for Mar-Mac Coal Company, Inc. On March 13, 1985, Mr. Staten fell off a three wheeler at work and struck his low back. The claim was held compensable and Mr. Staten requested authorization for Lortab, ProSom, Dipotassium, and Clorazepate. The claims administrator denied Mr. Staten's request for the medications and ordered a ninety day wean and taper plan for Lortab, ProSom, Dipotassium, and Clorazepate based on the report of William Hoh, M.D. The Office of Judges affirmed the claims administrator's decision and held that the continuation of Lortab, ProSom, Dipotassium, and Clorazepate is not medically related and reasonably required medical treatment for Mr. Staten's injury that he received on March 13, 1985.

The Office of Judges concluded that Dr. Hoh's report was reliable. Dr. Hoh performed an independent medical examination and found that Mr. Staten's current low back complaints were more likely than not unrelated to the work incident of March 13, 1985. Mr. Staten argued that the standard applied was whether the complaints were "solely" a direct cause of the injury and that this is the incorrect standard of proof. The Office of Judges found that this was not the correct standard of proof but that this did not make Dr. Hoh's report unreliable because Dr. Hoh opined that the current complaints were more likely than not unrelated to the work injury. The Office of Judges determined that Dr. Hoh's answer complied with the correct standard of proof because in order to receive medical treatment the treatment must be medically related and reasonably required for the injury in the claim. Dr. Hoh further opined that Mr. Staten's degenerative changes pre-existed his work-related injury, and the Office of Judges further found Dr. Hoh's statement reliable and credible based upon the reports that he cited.

The Office of Judges concluded that Mr. Staten has not submitted any evidence to prove that Dr. Hoh's statements are unreliable and has failed to submit evidence that shows what the requested medications are to treat. Dr. Muscari made the request for the medications, but Dr. Muscari's report is not in the record. Mr. Staten argued that Dr. Hoh's report was unreliable because he used boiler plate language and did not insert the opioid name into the correct spot. The Office of Judges concluded that the boiler plate language did not completely invalidate Dr. Hoh's report and that his report was sufficient to support the claims administrator discontinuing the medications following a "wean and taper" period. Mr. Staten further argues that Dr. Hoh's report was not recent enough. However, the Office of Judges found that simply because Dr. Hoh's report was from 2009 and the claims administrator continued to provide the medications after Dr. Hoh's report does not mean the claims administrator may never discontinue the medications. The Office of Judges concluded that Mr. Staten had not submitted sufficient evidence to rebut Dr. Hoh's report and has not successfully proven that the medications continue to be medically related and reasonably required medical treatment for his work injury that occurred in 1985. The Office of Judges held that Dr. Hoh's report provided a basis to discontinue the medications after a wean and taper period. The Board of Review reached the same reasoned conclusions in its decision of October 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**


**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum